IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────────────

PACIFIC CYCLE, INC.,

                Plaintiff,                OPINION & ORDER

   v.                                                     12-cv-529-wmc

POWERGROUP INTERNATIONAL, LLC
(a/k/a POWERGROUP, INTERNATIONAL,
INC.), TOMBERLIN AUTOMOTIVE GROUP,
INC., and MICHAEL TOMBERLIN,

                Defendants.
───────────────────────────────────────────────────────────────────────

This case has been reassigned to me as a result of Magistrate Judge Crocker's recent recusal. Immediately pending before me is defendants PowerGroup International, LLC, Tomberlin Automotive Group, Inc. and Michael Tomberlin's motion seeking recusal of all judges serving on the District Court for the Western District of Wisconsin (dkt. #96), which will be denied.

BACKGROUND

This case was originally assigned to Magistrate Judge Crocker and after receiving signed consents of all parties, the matter was set to proceed to trial before him on October 7, 2013. During the mediation of the case on August 5, 2013, before this court's part-time Magistrate Judge and full-time Clerk of Court Peter Oppeneer, the parties were formally advised of a fact already publicly known -- that James Peterson, one of plaintiff Pacific Cycle, Inc.'s attorneys in this lawsuit, was also one of three names forwarded to the President on August 1, 2013, by Wisconsin's two U.S. Senators for possible nomination to

fill an open judgeship on this court. Neither side sought recusal of the Magistrate Judge at that time.

On August 30, 2013, Magistrate Judge Crocker granted partial summary judgment to plaintiff on defendants' counterclaim for fraud in the inducement to enter into a contract that is the subject of plaintiff's original breach of contract claim. (Dkt. #50.) On September 25, 2013, with trial in this case set to begin just two weeks later, Judge Crocker reminded the parties that Mr. Peterson remained under consideration by the President for possible nomination and, since Peterson could technically be viewed as one of his potential future "bosses," offered to recuse himself from the case. When defendants promptly took him up on this offer, Judge Crocker made good on his offer and recused himself from the case "as this court's only magistrate judge in order to avoid the appearance of a conflict."[1] (Dkt. #95.)

Now defendants have gone a step further, filing a motion seeking recusal of *all* judges serving on the District Court for the Western District of Wisconsin. (Dkt. #96.) Defendants contend that recusal of the district's other judges is appropriate to "avoid the risk of appearance of partiality and . . . to maintain a high degree of public confidence in the judicial process." (*Id.* at 2.)

---

[1] Any appearance of a conflict is technical indeed, given that Peterson has not yet even been nominated and that whoever is actually nominated and then approved by the U.S. Senate would have very limited control over how the Magistrate Judge performs his job or indeed is recalled to his job. Both decisions are mainly tasked to the Seventh Circuit Court of Appeals and this court's Chief Judge.

OPINION

Unlike defendants, I can discern neither a basis for recusal because of an actual conflict of interest nor because of the appearance of a conflict. There certainly is no actual conflict; defendants do not even posit the possibility of one. As for appearance issues, the court consulted with the General Counsel's office of the Administrative Office of the U.S. Courts, reviewed the Judicial Code of Conduct and relevant advisory opinions, and could find no instance of a recusal based on one of the lawyers on the case being under consideration by the President for *possible* nomination to a judgeship. The closest analogous situation is recusal when "a judge or judicial nominee is named as a *defendant* and his credibility or personal or financial interests are at issue." Judicial Conference of the United States, Committee on Code of Conduct for United States Judges, *Compendium of Selected Opinions* § 3.6-6[1] (Apr. 2013)(emphasis added).[2] In that situation, section 3.6-6[1] advises that "all judges of the same district should recuse, unless the litigation is patently frivolous or judicial immunity is clearly applicable." Even assuming this same reasoning would also apply to a *potential* nominee appearing as *counsel*, none of those concerns are present here: Attorney Peterson's credibility or personal or financial interests are not at issue here.[3] As such, there is no basis for finding that a reasonable person could question my impartiality.

---

[2] The *Compendium* is available to federal judges and their staffs but not the public.

[3] Even if Pacific Cycle has a contingent fee arrangement with Godfrey & Kahn, rather than a conventional fee arrangement as would be typical in a commercial case, (1) Peterson is but one of a large number of partners in his firm who would benefit from a positive outcome (or absorb overhead and lost fees from a negative one), and (2) the size of this case and any recovery is relatively small for a firm the size of Godfrey & Kahn. Accordingly, the possible impacts on Peterson's personal and financial interests are too remote and finite to raise even

The next closest analogy is for a former judge who *has* actually served on the same court with the presiding judge. In a published advisory opinion, the Committee on Codes of Conduct recommends that judges recuse themselves on cases where former judges appear as counsel for a period of one to two years, and longer, if there is a "particularly close association." Advisory Op. 70, Judicial Conference of the United States, Committee on Codes of Conduct, *Guide to Judiciary Policy*, Vol. 2B, Ch. 2 (2013), *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/conduct/Vol02B-Ch02.pdf (last visited October 1, 2013). The basis for this recommendation is the likelihood of a close, collegial relationship, which would be a reasonable reason to question a judge's impartiality whether the relationship was in a judicial or nonjudicial setting. (*See id.* at p.70-1 (citing Advisory Opinion No. 11 concerning disqualification where long-time friend of friend's law firm is counsel).) No such relationship exists here and the possibility of one in the future is not enough to raise an appearance of impartiality or impropriety.[4]

Finally, from Attorney Peterson's perspective, even if he is actually nominated to the open seat, he is under no obligation to withdraw. *See Compendium* § 6(k) ("The Code of

---

a theoretical conflict, much less the kind of interests at stake for an actual party in suit. Still, at least one other advisory opinion suggests that a judge-designee's "substantial financial interest" in the outcome of a pending case should require recusal by other judges on the designee's new court. Accordingly, counsel for plaintiff should formally advise the court (under seal if it so chooses) if its fee arrangement with Pacific Cycle is in any way contingent on the outcome of this case. If the answer is "yes," then counsel should advise (1) how so; (2) the total numbers of partners who participate on an equity basis in the firm's profit or loss; and (3) whether Peterson is such an equity partner and a rough percentage of his likely allocated share based on the firm's last distribution.

[4] While I have known Attorney Peterson for some time, it has been in an almost completely formal, professional capacity and is certainly no greater than the long-standing, professional relationship that I have enjoyed with one of defendants' counsel, Attorney Rottier.

Conduct for U.S. Judges . . . does not require a nominee to withdraw from cases that are pending before the court for which the person has been nominated.").

Notwithstanding the lack of any articulable basis to recuse, plaintiff Pacific Cycle filed a response stating that it does not oppose defendants' sweeping motion to recuse all judges in this district, although it asks that any newly-appointed judge make completion of the impending trial a priority. (Dkt. #97.) Plaintiff's position is understandable -- to object formally to the recusal motion could arguably give some credence to the notion of partiality and a refusal to recuse by a member of this court could give defendants an appealable issue, however dubious, should they not prevail at trial. Accordingly, plaintiff seeks to mitigate any prejudice to Pacific Cycle from a recusal of all judges in this court by making three requests: (1) limit any delay in getting to trial; (2) hold the trial in the Western District of Wisconsin; and (3) not allow defendants to exploit this development to reopen matters already decided. These requests all appear reasonable.

While the court finds recusal is wholly unnecessary, the court will nevertheless explore whether a judge from outside this district would be available to try this case within the next month in the Western District of Wisconsin. If this search proves fruitless, I will preside over the case and schedule the trial before me within that same time frame. The court will advise counsel of the outcome of that search by the end of this week and hold a brief telephone status conference next Monday, October 7, 2013, at 10:00 a.m. to set a new date for the final pretrial conference and trial of this case.

5

ORDER

IT IS ORDERED that defendants PowerGroup International, LLC, Tomberlin Automotive Group, Inc., and Michael Tomberlin's motion for recusal (dkt. #96) is DENIED, but that an effort will be made to seek a federal judge who is willing to proceed with the trial of this matter in this district within the next month.

Entered this 1st day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge