IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PACIFIC CYCLE, INC.,

                        Plaintiff,                    OPINION AND ORDER

    v.

                                                          12-cv-529-wmc

POWERGROUP INTERNATIONAL, LLC (a/k/a
POWERGROUP INTERNATIONAL, INC.),
TOMBERLIN AUTOMOTIVE GROUP, INC,
and MICHAEL TOMBERLIN,

                        Defendants.

---

Corporate defendant Tomberlin Automotive Group having recently filed for bankruptcy protection and corporate defendant PowerGroup International having already been found liable, a court trial is set for on October 28, 2013, between Pacific Cycle, Inc. and individual defendant Michael Tomberlin alone on a single equitable claim -- whether Tomberlin is personally liable for breach of contract damages as an alter ego of PowerGroup International, LLC ("PowerGroup"). With no meaningful explanation of why it matters, Tomberlin has moved for an order clarifying whether this court will apply Wisconsin or Georgia law in analyzing the question of alter ego liability. (Dkt. #55.) Equally uninformative is Pacific Cycle's ostensible opposition to that motion (dkt. #73). Indeed, the parties appear to agree that Georgia and Wisconsin law are basically identical in their approaches to the question of alter ego liability. On this, the court agrees.

Alter ego analyses under both states' laws appear to be essentially the same, requiring the basic elements of: (1) complete control over the corporate form, such that it becomes a mere instrumentality for its shareholders and officers; (2) unity of interest and ownership, such that the corporate entity lacks a separate personality; and (3) the use of the corporate

form to commit fraud, wrongdoing or injustice (which the parties agree makes implicit the requirement that the conduct proximately cause the alleged injury). The court could stop there in its choice of law analysis, since absent a conflict, Wisconsin law applies. *See Cerabio, LLC v. Wright Medical Tech.*, 410 F.3d 981, 987 (7th Cir. 2005) ("[I]f the laws of the competing states are the same, a court must apply Wisconsin law."). In the event either side should attempt to draw a legal distinction at trial, however, the court has also considered the question of which state law is likely to apply and has determined that, to the extent a choice between the states is necessary, it will apply Georgia law in determining whether Tomberlin is liable to Pacific Cycle as PowerGroup's alter ego.

## OPINION

Because this court is sitting in diversity, it looks to Wisconsin conflict of laws rules to begin its analysis. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). For determining alter ego liability, Wisconsin conflict of laws applies "[t]he general rule . . . that a plaintiff's alter ego theory is governed by the law of the state in which the business at issue is organized." *Rual Trade Ltd. v. Viva Trade LLC*, 549 F. Supp. 2d 1067, 1077 (E.D. Wis. 2008); *see also Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 924 (W.D. Wis. 2007) ("[I]n determining whether corporate form should be disregarded I look to Texas law for the Texas entities . . . and look to Wisconsin law for the Wisconsin entities."); *Select Creations, Inc. v. Paliafito Am., Inc.*, 852 F. Supp. 740 (E.D. Wis. 1994) ("A court applies the law of the state of incorporation of the controlled corporation to determine whether the corporate form should be disregarded."). This rule is in accord with Wisconsin statutes governing LLCs, which provides that "[t]he laws of the state or other jurisdiction under

which a foreign limited liability company is organized shall govern its organization and internal affairs and the liability and authority of its managers and members." Wis. Stat. § 183.1001(1).

Since PowerGroup is a Georgia limited liability corporation, Georgia law generally governs Tomberlin's alleged liability as its alter ego. Under Georgia law, "the alter ego doctrine applies only if three requirements are met." *Dearth v. Collins*, 441 F.3d 931, 934 (11th Cir. 2006). Specifically:

> To establish the alter ego doctrine it must be shown [1] that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; [2] that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and [3] to adhere to the doctrine of corporate entity would promote injustice or protect fraud.

*Id.* (quoting *McLean v. Cont'l Wingate Co.*, 212 Ga. App. 356, 359, 442 S.E.2d 276, 279 (1994)).

Similarly, piercing the corporate veil in Georgia is appropriate "to remedy injustices which arise where a party has over[-]extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility." *Baillie Lumber Co. v. Thompson*, 279 Ga. 288, 290, 612 S.E.2d 296 (quoting *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303, 306, 404 S.E.2d 607 (1991)). Governed by equitable principles, the alter ego doctrine is appropriate only in the absence of adequate remedies at law. *Id.* (citations omitted). Thus, it is with these principles in mind that the court will consider the question of Tomberlin's alleged alter ego liability to Pacific Cycle.

ORDER

IT IS ORDERED that defendant's motion in limine for clarification (dkt. #55) is GRANTED. The court will apply Wisconsin law. Should either party attempt to distinguish between the law of Wisconsin and Georgia, the court will apply Georgia law in considering whether defendant Michael Tomberlin is personally liable to plaintiff Pacific Cycle, Inc. under an equitable alter ego doctrine.

Entered this 22nd day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge